# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CARMEN LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 11-10408-FDS |
| FIRST HORIZON HOME LOANS, | ) | |
| a division of FIRST TENNESSEE | ) | |
| BANK NATIONAL ASSOCIATION, | ) | |
| and FEDERAL NATIONAL | ) | |
| MORTGAGE ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

This action concerns the procedural adequacy of a home mortgage foreclosure. Plaintiff Carmen Lindsey alleges that defendant First Horizon Home Loans failed to provide her with advance notice of its foreclosure on her home in violation of Mass. Gen. Laws ch. 244 § 14. She seeks a declaratory judgment that the sale was void and that the subsequent purchase of the property by the Federal National Mortgage Association ("Fannie Mae") was invalid. Jurisdiction is based on diversity of citizenship.

First Horizon and Fannie Mae have moved to dismiss the action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the following reasons, the motion will be granted.

## I.  Background

The facts are stated as alleged in the complaint and in uncontested documents on which it

relies.[1]

Carmen Lindsey resides at 32 South Pleasant Street in Ashburnham, Massachusetts. (Compl. ¶ 1). On April 23, 1999, she received a loan in the amount of $60,000 from FT Mortgage Companies d/b/a Sunbelt National Mortgage. (Def. Ex. A). To secure the note on this loan, she executed a mortgage granted to the lender. (Compl. ¶ 6; Ex. 1). The mortgage was recorded on April 28, 1999. (Compl. Ex. 2).

At some point. Lindsey defaulted on her obligations. At some point before July 20, 2010, First Horizon was assigned the mortgage. (*Id.* Ex. 3).[2] On July 20, First Horizon filed a complaint in Massachusetts Land Court to fulfill its obligations under the Servicemembers Civil Relief Act and commence foreclosure proceedings. (Compl. ¶ 8).

The complaint alleges that First Horizon completed the foreclosure sale on or about August 26, 2010. (*Id.* ¶ 9). However, a newspaper notice of the sale indicates that it was actually scheduled for December 29, 2010. (Def. Ex. E). This notice was published in the Fitchburg Sentinel & Enterprise newspaper on December 8, 15, and 22, 2010. First Horizon also sent a

---

[1] The complaint includes four exhibits: (1) the mortgage, (2) a print-out from the land Registry of Deeds index, (3) a letter of the Land Court giving notice of foreclosure proceedings, and (4) a letter from counsel for Fannie Mae giving notice that the property was purchased at the foreclosure sale. "Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). In addition, defendants' motion to dismiss includes four exhibits that will be considered for purposes of this motion: (1) the loan note that is secured by the mortgage, (2) the mortgage, (3) a facsimile copy of a newspaper notice of the foreclosure sale, and (4) a letter addressed to Lindsey giving notice of First Horizon's intent to foreclose on the property. *See Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6). ").

[2] In the complaint, plaintiff originally alleged that First Horizon was not the true holder of the mortgage, and this disparity was the basis of Count 1 of the complaint. The parties have since stipulated to the dismissal of Count 1. Thus, the identify of First Horizon as the true holder of the mortgage is no longer in dispute.

letter by certified mail to Lindsey, dated and postmarked November 19, 2010, that announced its intent to foreclose on the property on the scheduled date. (Def. Ex. F). However, the notice was returned unclaimed on December 18, 2010, and Lindsey alleges that she never received it. (*Id.*; Compl. ¶ 10).

On January 31, 2011, Lindsey received a letter from counsel for defendant Fannie Mae notifying her that it had taken ownership of the property. (*Id.* ¶¶ 11; Compl. Ex. 4).

Lindsey filed this action on March 11, 2011. The complaint contains four counts. The parties have stipulated to the dismissal of the first two counts. Count 3 seeks a declaratory judgment that the foreclosure sale was void because First Horizon did not provide advance notice of the sale to Lindsey, as required by Mass. Gen. Laws ch. 244, § 14. Count 4 seeks a declaratory judgment that, because the foreclosure sale was void, any subsequent purchase of the property by Fannie Mae was invalid. On March 21, the Court granted her motion for a lis pendens pursuant to Mass. Gen. Laws ch. 184, § 15.

Defendants have now moved to dismiss the action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. They contend that the allegations of the complaint and uncontested documents on which the complaint relies demonstrate that First Horizon complied with Mass. Gen. Laws ch. 244, § 14, and that the foreclosure sale was therefore valid.

## II.     Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its

face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

### III.     Analysis

Count 3 alleges that the foreclosure sale was void because First Horizon did not provide advance notice as required by Mass. Gen. Laws ch. 244, § 14.

Massachusetts law allows the holder of a mortgage that grants its holder a power of sale to foreclose on the mortgaged property without prior judicial authorization. *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 645-46 (2011). However, the mortgage holder must proceed with the foreclosure in strict compliance with the terms of the power of sale and with statutorily-required notice procedures, or the foreclosure sale is wholly void. *Id.* at 646-47.

The statutory notice requirements are contained in Mass. Gen. Laws ch. 244, § 14. That section provides, as relevant here:

> no sale under [a power of sale] shall be effectual to foreclose a mortgage, unless, previous to such sale, notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper, if any, published in the town where the land lies or in a newspaper with general circulation in the town where the land lies and notice

> thereof has been sent by registered mail to the owner or owners of record of the equity of redemption as of thirty days prior to the date of sale, said notice to be mailed at least fourteen days prior to the date of sale to said owner or owners to the address set forth [on the recorded deed for the property], if the land is then registered . . . .

Mass. Gen. Laws ch. 244, § 14.  Thus, the statute creates two duties.  Before foreclosing on a home mortgage, the mortgagee or its assignee must (1) publish notice of the sale in a local or locally-distributed newspaper for three consecutive weeks, beginning at least 21 days before the sale, and (2) send, by registered mail, notice of the sale to the mortgagor at least 30 days prior to the sale.[3]

Plaintiff does not contest that First Horizon complied with the notice-by-publication requirement.  In any event, a copy of the newspaper notice establishes that it was published in the Fitchburg Sentinel & Enterprise on December 8, 2010, 21 days before the sale, and that it was re-published for two consecutive weeks, on December 15 and 22.  (Def. Ex. E).  The notice included the time and the place of the sale, a description of the property, and terms for the completion of the sale, all in compliance with the statute.  Mass. Gen. Laws ch. 244, § 14.

Plaintiff does contend that First Horizon failed to comply with the notice-by-mail requirement, because she never received the notice.  However, the statute does not contain any require that the holder of the mortgage ensure that the mortgagor receives actual notice of the sale.  By its terms, it requires only that the notice "has been sent by registered mail" at the appropriate times and to the appropriate addresses.  *Hull v. Attleboro Sav. Bank*, 33 Mass. App. Ct. 18, 25 (1992) ("The . . . registered mail notice requirement [of Mass. Gen. Laws ch. 244, §

---

[3] The statute sets forth a hierarchy of addresses to which such notice should be sent, depending on the circumstances.  *See* Mass. Gen. Laws ch. 244, § 14.  Plaintiff does not contend that the notice was sent to the wrong address.

5

14] is satisfied by mailing and nonreceipt is irrelevant."). Here, defendants have submitted the letter First Horizon sent to plaintiff, postmarked November 19, 2010. (Def. Ex. F). The letter was sent by registered mail to plaintiff's home address, 32 South Pleasant Street in Ashburnham. (*Id.*). Plaintiff does not contend that the address was wrong. Once it sent this letter, First Horizon satisfied the statute's notice-by-mail requirement.

Count 4 of the complaint seeks a declaration that the transfer of the property to Fannie Mae was invalid because the foreclosure sale was void. This count is thus dependent on Count 3. Because the complaint does not state a claim in Count 3, Count 4 will also be dismissed.

**IV.   Conclusion**

For the foregoing reasons, defendants' motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge

Dated:  March 1, 2012